McBRIDE, Judge.
Plaintiff asserts a claim for $925.50 for physical injuries and property damage against defendant growing out of an automobile collision which occurred on the afternoon of April 16, 1958, at the intersection formed by the inbound traffic roadway of Esplanade Avenue and Decatur Street; the vehicles of the parties were involved.
Plaintiff’s suit was dismissed after a trial in the lower court, and he has taken this appeal.
Plaintiff, who was driving his car on Esplanade Avenue in the direction of the Mississippi River, claims the defendant, who had been driving his vehicle on Decatur Street in the direction of Canal Street, was guilty of several acts of negligence; the defendant in his answer denies this and ascribes several negligent acts to plaintiff, and, alternatively, charges plaintiff with contributory negligence.
As we see the case, the only issue involved is a question of veracity, the two drivers being the only eyewitnesses to the crash. Plaintiff claims he had been driving at about 30 miles per hour and just as he about reached Decatur Street, defendant’s car suddenly emerged from the neutral ground and about 4 to 6 feet thereof protruded into the traffic lane in which plaintiff was traveling. He swerved to his right and accelerated his speed in a vain effort to avoid a collision. Plaintiff states he did not have time enough to apply his brakes.
Defendant in his testimony insisted that he was without fault and stated that he had negotiated a successful crossing of the outbound roadway on Esplanade Avenue and then drove onto the wide neutral ground separating the two traffic lanes on said avenue; that he stopped on the neutral ground with the front of his car at the edge of the inbound roadway and then drove forward, but when about 4 or 5 feet out into the traffic lane, he was forced to stop because he was behind an automobile ahead of him which had stopped blocking his forward movement.
*725 Defendant from his stopped position on the neutral ground noted plaintiff’s automobile on Esplanade Avenue to his right, but he says as it was about one-half block away, he thought he had ample time to make the crossing of the roadway before the oncoming automobile could reach the intersection. He insists that he was at a complete stop with the front part of his automobile protruding out into the traffic lane as aforesaid when the two vehicles came into contact. The only damage defendant’s automobile sustained was a broken left headlight which had been scraped by the left side of plaintiff’s car.
Defendant could not state with any degree of certainty the speed of plaintiff’s car, but he made an estimate of about 50-60 miles per hour based on the fact that the car reached the intersection so soon after defendant saw it one-half block away. There is some indication that plaintiff was traveling at a speed exceeding the legal rate because of certain physical facts appearing.
The record shows that after the side of the car brushed defendant’s vehicle, it veered to the right and struck another car parked at the sidewalk curb and then changed its course and crossed the roadway striking a utility pole located on the neutral ground, at which point the door of the car was sprung open and plaintiff was thrown to the ground, the car then proceeding onward down Esplanade Avenue coming to rest approximately 200 feet from the point of collision. Plaintiff maintains he lost control of the vehicle after making contact with defendant’s car.
Plaintiff says all he could do was to swerve right and accelerate his speed so as to miss defendant’s car.
We do not perceive any negligence on defendant’s part under the circumstances.
The trial judge evidently accepted his statements, and we cannot say that the court erred in doing so. In order for this court to reverse the judgment, we would have to entirely disregard the defendant’s testimony and adopt in the place and stead thereof the testimony given by the plaintiff which the trial court rejected. The judge was in the superior position by virtue of having seen and heard the witnesses on the stand and resolved the question of veracity in defendant’s favor, and the well-known rule to the effect that the findings of fact should not be disturbed unless manifest error appears in the judgment should be prevailing. There is no error that we can perceive.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.